In the Matter of a Plan of Readjustment, Modification or Reorganization of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises Known as PRESIDENT APARTMENT HOTEL IN ATLANTIC CITY, NEW JERSEY, Guaranteed by THE PRUDENCE COMPANY, INC.

In the Matter of the Application of HENRY N. RAPAPORT, Petitioner, for a Mandamus Order against WENDELL P. BARKER and Others, Constituting the MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondents.

Supreme Court, Additional Special Term, New York County, June 24, 1936.

*Rapaport Brothers* [*Henry N. Rapaport* and *Robert S. Garson* of counsel], for the petitioner.

*Hoffman & Hoffman* [*Herman D. Matfus* of counsel], for Ernest G. Laubenheimer.

*George M. Jaffin* and *Leonard Klaber*, for the Independent Prudence Bondholders Protective Committee, for the motion.

*Pollock & Nemerov* [*Maurice J. Dix* of counsel], for the certificate holders.

*Jacob A. Freedman* [*Edward Endelman* of counsel], for the certificate holders.

*Delafield, Thorne & Marsh*, for the Prudence Certificate Group.

*Benjamin J. Rabin* [*Maurice Finkelstein* and *Frieda B. Hannock* of counsel], for the Mortgage Commission of the State of New York.

*Cullen & Dykman* [*Ralph W. Crolly* of counsel], for the Brooklyn Trust Company, opposed.

FRANKENTHALER, J. This is a motion for an order of mandamus directing the Mortgage Commission of the State of New York, on payment of proper disbursements, to print and mail a proposed plan of reorganization under the Schackno Act (Laws of 1933, chap. 745), to certificate holders and to take all necessary steps to bring the reorganization proceeding on for hearing before the court, pursuant to that statute. The proposed plan provides for the readjustment of the rights of the holders of certificates representing participating interests in a bond and mortgage on the President Apartment Hotel in Atlantic City, N. J. Record title to the bond and mortgage is in Prudence Bonds Corporation, a domestic stock corporation, while the certificates are guaranteed by The Prudence Company, Inc., organized under the banking laws of this State. The proposed plan has been promulgated by the holders of more than fifteen per cent in principal amount of the certificates.

The only provision in the Schackno Act which authorizes the promulgation of a plan of reorganization thereunder is contained in section 6 thereof. The relevant portion, as amended by chapter 919 of the Laws of 1934, reads as follows: " When the *Superintendent shall have exercised any of the powers granted to him under section three or four of this act*, he or the holders of fifteen per centum in principal amount of such mortgage investments * * * may promulgate a plan or agreement for the readjustment, modification, or reorganization of the rights of all of the holders of such mortgage investments, and the modification, readjustment or liquidation of the bonds, mortgages or other security against which such mortgage investments have been issued." (Italics the court's.)

Section 3 of the act authorizes " the Superintendent " to take over, restrict or regulate any of the functions of a guaranty corporation with respect to mortgage investments sold or guaranteed by the latter (1) where the guaranty company has been taken over by him for rehabilitation or liquidation, or (2) where there has been a default under the mortgage investment, or under any bond, mortgage or other security against which the investment has been issued. The petitioner contends that in March, April, May and June, 1933, the Superintendent of Banks placed restrictions upon The Prudence Company, Inc., pursuant to section 3, and that this constituted an exercise of the powers granted to him under that section within the meaning of section 6. Other certificate holders, however, point out that although the Superintendent of Banks took possession of The Prudence Company, Inc., on September 29, 1934, he was deprived of possession and control on or about February 1, 1935, by an order of the United States District Court approving the petition of the company for reorganization under section 77B of the National Bankruptcy Act (U. S. Code, tit. 11, § 207). Since that time trustees appointed by the Federal court have been in charge of the affairs of the company. The contention is accordingly made that the provisions for reorganization in the Schackno Act contemplate " a continued and present exercise of the powers granted and that the Superintendent shall have throughout the proceeding control of the guaranty company; " and that the mere taking over of the company by the Superintendent for a short period of time, after which he was ousted by the Federal court, does not constitute a fulfillment of the condition prescribed in section 6 of the statute. A reading of the Schackno Act in its entirety tends to support the view that it was intended to authorize reorganization proceedings only in respect of guaranty corporations subject to the control and regulation of either the Superintendent of Insurance or the Superintendent of Banks. Section 1 of the act, which declares the existence of a public emergency requiring legislative provisions for reorganization and other relief, contains the following significant language: " *The guaranty corporations are not amenable to the Federal Bankruptcy Law;* and the holders of mortgage investments cannot avail themselves of the composition provisions of such bankruptcy laws for the settlement of their claims against such corporations in respect of guaranties undertaken by such corporations. *The guaranty corporations are subject to control and regulation by the State and to the supervision of the Superintendent of Insurance or of the Superintendent of Banks.*" (Italics the court's.) *The guaranty corporation here is amenable to the Federal Bankruptcy Law and is not subject to the control or*

*regulation of the Superintendent of Insurance or of the Superintendent of Banks.*

Other provisions of section 6 strengthen the conclusion that reorganization proceedings are authorized only for guaranty companies which are, at the time, subject to the control of the Banking or Insurance departments. Thus the Superintendent is authorized to " obtain from such guaranty corporation a list of the holders of such mortgage investments " for the purpose of enabling him to mail copies of the plan to all the holders. Obviously this provision is enforcible only if the guaranty corporation is subject to the jurisdiction of the Superintendent. Subdivision 3 of section 6 provides that the plan when approved shall be binding upon " the guaranty corporation which shall have sold or guaranteed " the mortgage investments. This provision cannot have been intended to apply to a guaranty corporation whose affairs are being administered in the Federal court. In subdivision 4 of section 6 the Superintendent is authorized to pay the expenses of a plan promulgated by him out of any funds coming into his possession out of the property, and, if a plan be promulgated by fifteen per cent of the certificate holders and the expenses advanced by them, the Superintendent is authorized to repay the expenses out of funds coming into his possession out of the property. Here again the act obviously contemplates that the Superintendent will be in possession of property from which to make the payments referred to. In the case at bar, neither the Superintendent of Banks nor the Mortgage Commission, his successor (See Mortgage Commission Act, Laws of 1935, chap. 19, § 4, subd. 15), is in possession of any property out of which payments can be made. It appears to be significant that a recent amendment (Laws of 1936, chap. 489) to the Mortgage Commission Act provides that the Commission shall become vested with possession, control and title of bonds, notes, mortgages, etc., " from and after the effective date specified in each such notice and as long as each such guaranty corporation, *or other corporation which has been taken over by the Superintendent of Insurance*, remains in rehabilitation or liquidation, *or until the happening of a circumstance, which, by law, terminates the possession of the Superintendent of Banks with respect to any such guaranty corporation of which he has taken possession.*" The italicized language applies here, for the possession of the Superintendent of Banks has been terminated by the proceedings in the Federal court.

However desirable it may be that the provisions of the Schackno Act be extended so as to authorize reorganizations of mortgage investments guaranteed by companies not under the control of

the Superintendent of Insurance or the Superintendent of Banks, the statute in its present form appears to sanction such reorganizations only in the case of guaranty corporations subject to the jurisdiction and control of the Insurance or Banking Departments of this State. As The Prudence Company, Inc., is not at this time amenable to the orders of either of these departments, the Schackno Act has no application, and the motion for a peremptory order of mandamus is accordingly denied.